UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NORMA JEAN VERSMESSE, and LARRY VERSMESSE, | ) ) ) | CASE NO. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SONIC AUTOMOTIVE, INC., DON PERKINS, IAN LONG, MISHAWAKA – F LLC, and MISHAWAKE – L LLC, | ) ) ) ) ) ) | Removed from the St. Joseph Court in St. Joseph County, Indiana |
| Defendants. | ) | Cause No. 71D04-2505-CT-000197 |

## NOTICE OF REMOVAL

Sonic Automotive, Inc., Don Perkins, Ian Long, Mishawaka – F LLC, and Mishawaka – L LLC (collectively, "Defendants"), by counsel, remove this action, currently pending in the St. Joseph County Superior Court 4, St. Joseph County, Indiana, as Case No. 71D04-2505-CT-000197, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support, Defendants state as follows:

## I.    INTRODUCTION

This matter is properly removable because it is founded on claims arising under the laws of the United States in that Plaintiff has asserted claims under Title VII, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, and the Americans with Disabilities Act, as amended, (ADAA) 42 U.S.C. § 12101 *et seq*. Further, this Court has supplemental jurisdiction over Plaintiff's state-law claims. Thus, this Court can properly exercise jurisdiction over this action in its entirety.

## II. PROCEDURAL HISTORY

1.      On May 15, 2025, Plaintiffs Norma Jean Versmesse and Larry Versmesse ("Plaintiffs") initiated this action by filing a complaint ("Complaint") against Defendants in St. Joseph County Superior Court 4, St. Joseph County, Indiana (Case No. 71D04-2505-CT-000197). A copy of Plaintiffs' Complaint is included along with the State Court record, attached as **Exhibit A** pursuant to 28 U.S.C. § 1446. The Complaint asserts claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Americans with Disabilities Act as amended, 42 U.S.C. § 12101 *et seq.* The Complaint also asserts claims for Defamation, False Imprisonment, Conversion, and Punitive Damages. *See* Complaint at **Exhibit A**.

2.      Defendant Don Perkins first received a copy of the initial pleading in this action by certified mail on May 21, 2025.[1] Defendants are filing this notice within thirty (30) days from the date this action first became removable. *See* 28 U.S.C. § 1446(b) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"); *Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (finding 30-day removal period runs from date of service of summons and complaint).

3.      This case is a civil action within the meaning of 28 U.S.C. § 1441(a), relating to the removal of civil actions. Written notice of the filing of this Notice of Removal has been served upon Plaintiffs, and a copy of this Notice of Removal along with the Notice of Filing Notice of Removal, will be filed promptly with the St. Joseph County Superior Court 4, State of Indiana, satisfying § 1446(d).

---

[1] The remaining Defendants were subsequently served via certified mail as follows: Mishawaka – L LLC—May 22, 2025; Mishawaka – F LLC—May 22, 2025; Sonic Automotive—May 23, 2025; and Ian Long—May 30, 2025.

4. The United States District Court for the Northern District of Indiana, South Bend Division, is the federal district and division embracing the Saint Joseph County Superior Court 4, St. Joseph, Indiana. *See* 28 U.S.C. §§ 94(b)(4) and 1441(a).

### III. FEDERAL JURISDICTION

5. This action is properly removable pursuant to 28 U.S.C. § 1441(a), which provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6. This Court has original jurisdiction under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Plaintiffs' Complaint asserts claims arising under the laws of the United States—namely, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act, 29 U.S.C. § 621, and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq. See* Complaint ¶¶ 17-30. Thus, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

8. Further, under 28 U.S.C. § 1367, this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

9. Plaintiff's first, second, third, and fourth causes of action assert common law claims based on the same facts and circumstances alleged by Plaintiff in support of her federal claims.

*See* Complaint at ¶¶ 5-16, 17-30. Accordingly, this Court has supplemental jurisdiction over Plaintiff's state-law claim.

10. Accordingly, this case is properly removable, as this Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under the laws of the United States and this Court has supplemental jurisdiction over Plaintiff's state-law claim under 28 U.S.C. § 1367.

### IV. ADOPTION AND RESERVATION OF DEFENSES

11. Following removal of this case to federal court, Defendants will move for a stay of all proceedings pending arbitration of Plaintiff's claims pursuant to a contractual agreement between the parties. This removal does not waive Defendants' right to arbitrate this matter.

12. Nothing in this notice of removal is intended to amount to a waiver or relinquishment of Defendants' rights or defenses, including, but not limited to, the defenses of Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### V. CONCLUSION

WHEREFORE, Defendants hereby give notice that the above-styled action now pending before the St. Joseph County Superior Court 4, St. Joseph County, Indiana, Case No. 71D04-2505-CT-000197, is hereby removed therefrom to the United States District Court for the Northern District of Indiana, South Bend Division.

Dated: June 13, 2025

Respectfully Submitted,

By:      *Amy L. Miles*
Amy L. Miles, Ky # 96339
**STOLL KEENON OGDEN PLLC**
400 West Market Street, Suite 2700
Louisville, Kentucky 40202
(502) 333-6000 phone
(502) 333-6009 fax
amy.miles@skofirm.com

*Cameron J. Bosak*
Cameron J. Bosak, IN #37222-49
**STOLL KEENON OGDEN PLLC**
One Main Street, Suite 201
Evansville, Indiana 47708
(317) 224-2462 phone
(812) 421-4936 fax
cameron.bosak@skofirm.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on June 13, 2025, I electronically filed the foregoing Notice of Removal with

the Clerk of the Court using the CM/ECF system and delivered a copy to those listed below via

regular U.S. mail and electronic mail where so noted:

Peter J. Agostino
ANDERSON AGOSTINO & KELLER, P.C.
131 S. Taylor Street
South Bend, IN 46601
agostino@aaklaw.com

*Cameron J. Bosak*
Cameron J. Bosak

5