UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LARRY VERSMESSE, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 1:25-CV-313-HAB-ALT |
| SONIC AUTOMOTIVE, INC., et al., | |
| Defendants. | |

## OPINION AND ORDER

Norma Jean and Larry Versmesse (collectively "Plaintiffs"; individually "Norma Jean" and "Larry") filed suit in state court on May 15, 2025, against Defendants Sonic Automotive, Inc, Don Perkins, Ian LONG, Mishawaka – F LLC, and Mishawaka – L LLC (collectively "Defendants"), alleging unlawful employment practices under Title VII as well as multiple state tort claims for various actions taken during her employment and including her October 2024 termination. (ECF No. 4). Defendants removed the case to federal court (ECF No. 1), and subsequently filed the instant Motion to Compel Arbitration, or, Alternatively, Partial Motion to Dismiss (ECF No. 9).

As an initial matter, Defendants move to dismiss Larry as a plaintiff without standing because the Complaint makes no allegations for, or references to, Larry. (ECF No. 10, at 6). Defendants' argument references two standards for dismissal: failure to state a claim under Fed. R. Civ. P. 12(b)(6), and the failure to allege sufficient facts to establish Larry's standing, meaning the Court does not have subject matter jurisdiction over Larry's claims under Fed. R. Civ. P. 12(b)(1). In response to Defendants' motion, Plaintiffs acknowledge the Complaint mistakenly failed to include Larry's loss of consortium claim, and request leave to amend. (ECF No. 17, at 11).

The Seventh Circuit has held that facial challenges to standing and lack of subject matter jurisdiction under Rule 12(b)(1) are evaluated in the same way as facial challenges to the sufficiency of claims under Rule 12(b)(6)—*Twombly-Iqbal's* "plausibility requirement." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). So, "in evaluating whether a complaint adequately pleads the elements of standing, courts apply the same analysis used to review whether a complaint adequately states a claim: '[C]ourts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *See id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). And a claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is clear from the face of the Complaint that there are no references to Larry or any allegations relating to Larry included within the pleadings. Even under the most liberal of pleading standards, there is simply no way for the Court to draw a reasonable inference that the Defendants are liable for any misconduct towards Larry, since there has simply been no misconduct alleged. *See Iqbal*, 556 U.S. at 678. Therefore, Larry must be dismissed as a plaintiff, whether for lack of standing or for failure to state a claim.

That said, Plaintiffs' response to Defendant's motion requests leave to file an amended complaint to cure this deficiency. Generally, a court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend [his] complaint." (citation omitted)); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir.

2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). Nevertheless, a court should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

While the best practice would have been for Plaintiffs to file a separate motion to amend—including a proposed amended complaint attached to the motion—in accordance with Federal Rule Civil Procedure 15(a)(2) and Local Rule 15-1, for the purposes of streamlining the proceedings, the Court will grant Plaintiffs up to and including October 24, 2025, to file an amended complaint that includes the omitted claim. If Plaintiffs do not file an amended complaint before October 24, 2025, the Court will dismiss Larry Versmesse as a plaintiff for failure to state a claim.

## CONCLUSION

For these reasons, Plaintiffs are GRANTED leave to file an Amended Complaint by October 24, 2025, solely to add the loss of consortium claim for Larry. Defendants' Motion to Compel Arbitration, or, Alternatively, Partial Motion to Dismiss (ECF No. 9) remains under advisement.[1]

SO ORDERED on October 8, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] Typically amended pleadings moot previously filed motions relating to the original pleading. Indeed, an amended pleading supersedes the original complaint and controls the case from that point forward. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."). However, where the amended pleading does not alter the substance of the complaint subject to a pending motion and the parties have fully briefed the motion, the Court can, in its discretion, rule on the pending motion. Since this Court is granting Plaintiff only a limited opportunity to amend, the Court intends to rule on the motion to compel arbitration as currently briefed. Once the amended pleading is filed, if the parties believe that the amended pleading alters their respective positions on the Motion to Compel Arbitration, they may promptly seek leave to file additional briefing.